UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Cause No. 4:11-cr-8-SEB-MGN-3 |
| | ) | |
| ZACHARY BABCOCK, | ) | |
| | ) | |
| Defendant | ) | |

## MAGISTRATE JUDGE=S REPORT AND RECOMMENDATION

This matter is before the undersigned U.S. Magistrate Judge pursuant to the Order entered by the Honorable Sarah Evans Barker, U.S. District Court Judge, on April 3, 2013, designating the Magistrate Judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed with the Court on April 2, 2013, and to submit to Judge Barker proposed Findings of Facts and Recommendations for disposition under Title 18 U.S.C. ' ' 3401(i) and 3583(e) and (g). An Initial Hearing in this matter was held on May 31, 2013, and disposition proceedings were held on that same date, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure* and 18 U.S.C. ' 3583. The defendant, Zachary Babcock, appeared in person with his appointed counsel, John F. Carroll. The government appeared by Matthew Rinka, Assistant United States Attorney, via telephone. U.S. Probation appeared by Brian Bowers, who participated in the proceedings.

The following procedures occurred in accordance with Rule 32.1 *Federal Rules of Criminal Procedure* and 18 U.S.C. ' 3583:

1

1. On May 31, 2013, John F. Carroll was present for the initial hearing and was appointed by the Court to represent Mr. Babcock regarding the pending Petition on Offender Under Supervision.

2. A copy of the Petition on Offender Under Supervision was provided to Mr. Babcock and his counsel who informed the Court that they had read and understood the specifications of each alleged violation and waived further reading thereof.

3. Mr. Babcock was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. Mr. Babcock was informed that he would have the right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Babcock was afforded the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. Mr. Babcock was informed that, if the preliminary hearing resulted in a finding of probable cause that Mr. Babcock had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Barker=s designation entered on April 3, 2013.

7. At that time the defendant, by counsel, stated his readiness to waive the preliminary examination and proceed with the revocation hearing. Mr. Babcock then waived, in writing, the preliminary hearing.

8. The parties then advised the Court they had reached an agreement as to a recommended disposition which they wished to submit to the Court.

9. The parties stipulated the following in open Court:

   (a) As to Violation Numbers 2 through 5 of the Petition for Offender Under Supervision, the defendant admitted in open Court that he had violated these conditions.

   (b) The parties, by agreement, stipulated that the defendant=s supervised release would be revoked and the defendant would serve fifteen (15) months imprisonment with no term of supervised release to follow.

   (c) The government orally moved to dismiss Violation No. 1.

10. The Court then proceeded to a revocation hearing upon the allegations of alleged violations of the Terms of Supervised Release, particularly as set out in Violation Numbers 2 through 5 of said Petition. The Court placed Mr. Babcock under oath and inquired of him whether he admitted to the specifications alleged in the Petition on Offender Under Supervision, and Mr. Babcock admitted the violations contained in Violation Numbers 2 through 5 to the extent that they do not reference Violation No. 1, which he does not admit. The Court specifically inquired of Mr. Babcock whether he was making these admissions voluntarily and free from any duress, promises or undue influence. The Court further advised Mr. Babcock that the Court was not bound by any particular plea agreement made between the United States and Defense Counsel. To all of which Mr. Babcock answered in the affirmative. The Court finds the admissions were knowingly and voluntarily entered into and that there was a basis in fact for revocation in regard to Violation Numbers 2 through 5. The violations are summarized as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 2 | *"The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month."* |
| 3 | *"The defendant shall notify the probation officer at least ten days prior to any change in residence or employment."* |

On February 2, 2013, the offender's pregnant girlfriend contacted the Clark County, Indiana, Sheriff's Department to report he moved out of their apartment a few days prior and, on February 1, 2013, he returned to the apartment against protest to claim his belongings.

On February 8, 2013, this officer contacted the offender's girlfriend, and she advised he had not returned and his residence was unknown. It is noted the offender did not advise his probation officer that he relocated. On February 11, 2013, he submitted a monthly report falsely indicating he still resided with his girlfriend.

| | |
|---|---|
| 4 | *"The defendant shall participate in a program of testing for substance abuse to include no more than eight drug tests per month and shall pay a portion of the fees of testing."* |

On January 17 and 31, 2013, and March 26 and 27, 2013, the offender failed to report for drug testing. It is noted the offender was specifically instructed by his probation officer to report to the January 17, 2013, drug test. He agreed, but did not report as instructed. On March 26, 2013, after missing his drug test, a voice mail message was left for him instructing him to report for drug testing the next day to make up for the missed test. As noted, he did not do so.

| | |
|---|---|
| 5 | *"The defendant shall perform 8 hours of community service per month for each of the 3 years of supervised release."* |

Although the offender has provided no proof, by his own admission, he has performed a total of only 11 hours of community service, to date.

11. Based on the information available to the Court, the Court further finds the following:

    (1) Mr. Babcock has a relevant criminal history category of I. *See,* U.S.S.G.

' 7B1.4(a).

(2) The most serious grade of violation committed by Mr. Babcock constitutes a Grade A violation, pursuant to U.S.S.G. ' 7B1.1(b).

(3) Pursuant to U.S.S.G. ' 7B1.4(a) and (b)(3)(A), upon revocation of supervised release, the range of imprisonment applicable to Mr. Babcock is twelve (12) to eight (18) months.

(4) The appropriate disposition for Mr. Babcock's violation of the conditions of supervised release is as follows:

(a) Defendant shall be committed to the Bureau of Prisons to serve a term of imprisonment of fifteen (15) months with no term of supervised release to follow.

(b) The Court further recommends that Defendant be placed in a drug and alcohol treatment program while incarcerated at the Bureau of Prisons.

(c) Violation No. 1 is DISMISSED on the motion of the Government.

The Court, having heard the admission of the defendant, the stipulation of the parties and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant violated the above-delineated conditions of his supervised release as set forth in Violation Numbers 2 through 5 of the Petition. The defendant=s supervised release is hereby **REVOKED,** and Zachary Babcock shall be committed to the Bureau of Prisons to serve a term of imprisonment of fifteen (15) months with no term of supervised release to follow. The Court further recommends the Defendant for placement in a drug and alcohol treatment program while incarcerated at the Bureau of Prisons. Violation No. 1 is dismissed on the motion of the Government.

The Magistrate Judge requests that Brian Bowers, U.S. Probation Officer, prepare for submission to the Honorable Sarah Evans Barker, District Judge, as soon as practicable, a

supervised release revocation judgment, in accordance with these findings of fact, conclusions of law and recommendation.

Counsel for the parties and Mr. Babcock stipulated in open court their waiver of the objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D. Ind. L.R. 72.1 (d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

Counsel for the parties and Mr. Babcock entered the above stipulation and waiver after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

**WHEREFORE,** the U.S. Magistrate Judge **RECOMMENDS** the Court adopt the above Report and Recommendation revoking Zachary Babcock's supervised release.

**IT IS SO RECOMMENDED** this 10th day of June, 2013.

_____
Michael G. Naville, Magistrate Judge
United States District Court

Distribution:

All electronically registered counsel of record via CM/ECF

U.S. Marshal
U.S. Probation Office